IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2021 APR 23 A 10: 15
CLERK_____
SO. DIST. OF GA.

UNITED STATES OF AMERICA     *
                                  *
v.                                *     CR 618-014-02
                                  *
JOHN TIMOTHY COLLINS      *

**O R D E R**

Defendant John Timothy Collins has filed a motion seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. The Government opposes the motion. For the following reasons, the motion is denied.

The Court may only reduce Collins' sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable Policy Statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other

person or the community. U.S.S.G. § 1B1.13. The application notes to this Policy Statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).

In consideration of the enumerated extraordinary and compelling examples, Collins cites to his health condition and his family circumstances as grounds for relief. Collins bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)).

Collins relays that his 88-year old mother is deteriorating and that he is "the only potential caregiver." (Def.'s Mot., Doc. 664, at 3.) Application Note 1(C) provides only two categories of family circumstances that would constitute extraordinary and compelling circumstances: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." The extenuating circumstances of a defendant's mother do not qualify as an extraordinary and compelling reason justifying release. Accordingly, Collins has failed to establish that he is entitled to compassionate release on this basis.

2

With respect to his health, Collins states that he is pre-diabetic. This is not a condition listed by the Centers for Disease Control ("CDC") from which a person may be "more likely to get severely ill" should he contract COVID-19. See Centers for Disease Control & Prevention, *Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on April 21, 2021). Moreover, Collins has now been vaccinated against the COVID-19 virus, which significantly reduces his risk of exposure. (See Gov't Resp. in Opp'n, Doc. 675, Ex. A.) Collins has simply failed to show that his medical condition qualifies as extraordinary and compelling.

In discussion of his family circumstances in his briefs, Collins expressly relies upon a fourth catch-all category of the applicable Policy Statement, which provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. U.S.S.G. § 1B1.13 n.1(D) (emphasis added). Collins argues that his mother's deteriorating health and his need to care for her should be considered extraordinary and compelling without regard to the enumerated reasons. Collins provides an example of a district court in Connecticut that released a murderer to care for his ailing mother. (Def.'s Reply, Doc. 678.)

3

While it is true that seven circuit courts have now determined that the First Step Act gave district courts full discretion to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13, the Eleventh Circuit has not yet spoken to the issue. Until such time that it does, this Court will abide by the Policy Statement as written. More importantly, however, even if the Court were to consider Collins' petition for release without reference to U.S.S.G. § 1B1.13, the circumstances of his mother's deteriorating health do not warrant release. Despite his mother's advanced age and the complications she has faced from recent falls, Collins has not presented sufficient evidence of his mother's incapacitation and his status as the sole caregiver to warrant his release.

The Court denies relief for another fundamental reason. That is, in weighing the sentencing factors of 18 U.S.C. § 3553(a), the Court particularly notes that the nature of Collins' offense, his criminal history, and the need to protect the public weigh against reducing his sentence to time served. Collins was only recently sentenced – October of 2019 – to serve 84 months for possession with the intent to distribute methamphetamine. He still has nearly two and half years remaining on this sentence. When Collins was arrested, he had a firearm in his possession for which he avoided any criminal liability. Heretofore, Collins also avoided custodial sentences on his two prior convictions for possession of methamphetamine. In short, early release of this Defendant would

4

fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

Because the Court has determined that Collins has not presented extraordinary and compelling reasons to justify release and that reducing his sentence at this time would not be consistent with the statutory purposes of sentencing, Defendant John Timothy Collins' motion for compassionate release (doc. 664) is **DENIED**.[1]

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of April, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court previously denied Collins' request for the appointment of counsel. (See Order of Mar. 22, 2021, Doc. 669.) Having now fully considered Collins' briefs, which include a thorough understanding of the relevant law, and the attached exhibits, the Court remarks that Collins' *pro se* petition for relief has been competently and effectively presented. Therefore, Collins did not require the assistance of counsel.